United States District Court
Southern District of Texas
**ENTERED**
December 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAGNAR DEVELOPMENT LLC, § § | |
| *Plaintiff*, § | |
| VS. § | CIVIL ACTION NO. 4:23-cv-02191 |
| § § | |
| DEUTSCHE BANK NATIONAL § | |
| TRUST COMPANY, § § | |
| *Defendant.* | |

## MEMORANDUM & ORDER

Before the Court is Plaintiff's Motion for Declaratory Judgment ("Motion"). ECF No. 9. After considering the Motion, relevant briefing, and the applicable law, the Court **DENIES** Plaintiff's Motion for the reasons explained below.

### I. BACKGROUND

On June 2, 2023, Plaintiff Ragnar Development LLC ("Plaintiff") filed its Original Petition, Application for Injunctive Relief, Demand for an Accounting, and Request for Disclosures in the 164th Judicial District Court of Harris County under Cause No. 2023-34128. *See* ECF No. 1-1. Defendant Deutsche Bank National Trust Company ("Defendant") then removed the case to this Court pursuant to diversity jurisdiction under 28 U.S.C. § 1332. *See* ECF No. 1.

On August 24, Plaintiff filed the present Motion pursuant to 18 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff seeks a judgment from this Court that the limitations period for foreclosure has expired on Deutsche Bank's loan. ECF No. 9. Defendant responded in a timely manner (ECF No. 16), and Plaintiff did not file a reply. The Motion is ripe for the Court's review.

1

## II. DISCUSSION

Defendant argues that Plaintiff's Motion should be denied as procedurally improper because the Federal Rules of Civil Procedure do not provide for a "motion for declaratory judgment." ECF No. 16 at 1. Defendant continues that, even if Plaintiff's Motion is construed as a motion for summary judgment, it should be denied as a matter of law because Defendant's records show that the limitations period for foreclosure will not run until 2026. *Id.* at 5. For the reasons that follow, the Court agrees with Defendant that this Motion is procedurally flawed, and thus denies the Motion on procedural grounds, without reaching the merits.

The Declaratory Judgment Act provides that "any court of the United States, *upon the filing of an appropriate pleading*, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Federal Rules of Civil Procedure "govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201." Fed. R. Civ. P. 57. As a result, "the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions." *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 943 (9th Cir. 2009) (quoting 10B WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2768 (3d ed. 1998)).

Applying these principles, several district courts in Texas and circuit courts outside of the Fifth Circuit "have clearly stated that filing a motion for declaratory judgment is **not** filing an appropriate pleading under the Declaratory Judgment Act. Rather, a party must file an action seeking a declaratory judgment." *Sec. & Exch. Comm'n v. Novinger*, No. 4:15-CV-00358-O, 2023 WL 3593254, at *2 (N.D. Tex. Mar. 22, 2023) (denying defendants' motion for declaratory judgment as procedurally improper); *see also Matrix Partners VIII, LLP v. Nat. Res. Recovery,*

*Inc.*, No. 1:08-CV-547-TH, 2009 WL 10677790, at *2 (E.D. Tex. May 22, 2009) (same).

The Ninth Circuit stated that the "only way [a motion for declaratory judgment] can be construed as being consistent with the Federal Rules is to construe it as a motion for summary judgment on an action for a declaratory judgment." *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia*, 560 F.3d at 943 (quoting *Int'l Bhd. of Teamsters v. E. Conference of Teamsters*, 160 F.R.D. 452, 456 (S.D.N.Y.1995)). Plaintiff did not file a reply and has not asked the Court to construe the instant motion as one seeking partial summary judgment. The Court declines to do so *sua sponte* and therefore must **DENY** the Motion on procedural grounds.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion, ECF No. 9.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 7th of December, 2023.

HON. KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3